Argued and submitted January 20, reversed March 31, 1993

In the Matter of Charlene Tardanico,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

Charlene TARDANICO,
*Appellant.*

(920195084; CA A73397)

849 P2d 564

Liza Jane Langford, Portland, argued the cause and filed the brief for appellant.

Stephanie S. Andrus, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

■     Appellant appeals an order finding her to be a mentally ill person and committing her to the Mental Health Division for treatment because she is unable to care for her basic needs and is not receiving such care as is necessary for her health and safety. ORS 426.005(2)(b). We review *de novo* to determine if there is clear and convincing evidence that she is mentally ill. ORS 426.130. In the light of the facts that appellant earns income from rental property, has a job, and has a plan for where she will live in the future, the evidence offered by the state does not meet that standard.

■■     Also, we consider whether appellant is mentally ill because she is a danger to others. ORS 426.005(2)(a). There is evidence that appellant has been hospitalized previously because of "violent and intrusive behavior." Although prior commitments are relevant, there must be evidence that the past violent behavior that led to those commitments clearly forms a foundation for predicting future dangerousness. *State v. Jepson*, 48 Or App 411, 416, 617 P2d 284 (1980). The only other evidence of potential dangerousness is that the police responded to a call and removed appellant from her mother's home. That evidence[1] is insufficient to meet the requisite standard of proof.

Reversed.

---

[1] Appellant testified that she called the police because her mother's arm was black and had a welt on it. Her mother testified that the police were called because appellant thought they were both sick with colds. Appellant's mother said that appellant grabbed her arm out of frustration and "tickled [her] hands and pulled, is all." She also said that she did not feel that appellant posed a danger to her.